IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRACEY & KELLY AVERY** | : | Case No. _____ |
| 929 Virginia Avenue | : | |
| Hamilton, Ohio  45013, | : | Judge _____ |
| | : | |
| and | : | |
| | : | |
| **TAMLIN EXTERIORS, LLC** | : | |
| 865 Franklin Street, No. 13368 | : | |
| Hamilton, Ohio  45013, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **ERIE INSURANCE COMPANY** | : | |
| 100 Erie Insurance Plaza | : | |
| Erie, Pennsylvania  16530, | : | |
| | : | |
| Also serve: | : | |
| Erie Insurance Co., Registered Agent | : | |
| 100 Erie Insurance Plaza | : | |
| Erie, Pennsylvania  16530, | : | **COMPLAINT** |
| | : | **AND JURY DEMAND** |
| Defendant. | : | |

NOW COME plaintiffs Tracy & Kelly Avery, by and through counsel, and for her Complaint states the following:

**Parties**

1.    Plaintiffs TRACY & KELLY AVERY (hereinafter "the Averys"), husband and wife, are citizens of the State of Ohio residing at 929 Virginia Avenue, Hamilton, Ohio, in Butler County, Ohio, within the Southern District of Ohio.

2.    Plaintiff TAMLIN EXTERIORS, LLC ("Tamlin") is a limited liability corporation formed and existing under the laws of the State of Ohio, engaged in the business of

providing roofing services for residential dwellings. At all times herein, Tamlin maintained business offices at 865 Franklin Street, No. 13396, Hamilton, Ohio, in Butler County, Ohio, within the Southern District of Ohio, for that purpose.

3.     Defendant ERIE INSURANCE COMPANY ("Erie") is a corporation formed and existing under the laws of the Commonwealth of Pennsylvania engaged in the business of providing insurance to individuals and businesses. At all times herein, Erie has been licensed to issue, *inter alia*, homeowner and property insurance policies within the State of Ohio, including Butler County, Ohio, within the Southern District of Ohio.

## Jurisdiction and Venue

4.     The Averys and Tamlin bring this action against Erie for monetary damages and other relief pursuant to:

(a)     28 U.S.C. §1332;

(b)     the common law of the State of Ohio.

5.     Each of the tortuous acts alleged herein occurred in in Butler County, Ohio, within the Southern District of Ohio.

## General Allegations

6.     On August 21, 2014, the Averys purchased certain real property located at 929 Virginia Avenue, in Hamilton, Ohio ("Property").

7.     Shortly thereafter, on November 8, 2014, Erie issued Insurance Policy No. Q59 5802648 ("Insurance Policy") which provided first-party homeowner and property coverage for said property. Neither the Averys not Tamlin are currently in possession of a copy of the Insurance Policy, and Erie has not responded to their requests to provide them with a copy of the same. A true and accurate copy of the Renewal Declarations Page, in effect from November 8, 2015 to November 7, 2016, is attached hereto and incorporated herein as Exhibit "A".

8.     On August 27, 2016, there was a severe storm in the Hamilton, Ohio, area and the Property suffered wind damage: several roofing tiles were torn away and a tree branch fell on the border fence.

9. The Averys filed a claim with Erie, being Claim No. 074-10740447170. Subsequently, Erie's adjustor reviewed the damage, determined that coverage existed, and, on November 22, 2017, approved the claim for $2,696.50 in damage to the Averys' roof and fencing (less the $500.00 deductible). Thereupon, Erie issued Check No. NE29539 in the amount of $2,196.50 in settlement of that claim. A true and accurate copy of the correspondence, dated November 22, 2016, approving said claim is attached hereto and incorporated herein as Exhibit "B".

10. Erie's dealings with the Avery's, however, aroused their suspicion. Their adjustor, during his conversation with Kelly Avery after inspecting the roof of the Property, reported that the roof tiles contained asbestos, but that even though asbestos dust was highly toxic when inhaled, the roof could be safely repaired. Later, after approving the replacement of the damaged roof tiles, he advised the Averys to hire a particular contractor because he had experience dealing with asbestos tiles.

11. Made leery by these statements, the Averys did not cash the check from Erie but instead contacted Tamlin, seeking a second opinion. Tamlin inspected the Property itself and determined that roof tiles on the Avery's roof were indeed made of asbestos. Tamlin then sent a sample taken from a damaged roof tile to ITEL Laboratories, Inc. ("ITEL"), a material laboratory, which confirmed the presence of asbestos.

12. Under the Sec. 907.3 of the Ohio Residential Code, a new roof covering may not be installed without first removing the existing covering where the existing covering consists of, *inter alia*, asbestos-cement tile. Further, under O.A.C. 3901-1-54(I)(1)(b), issued by the Ohio Department of Insurance, where a loss requires replacement of an item, the insurer must attempt to match the "quality, color or size" of the item suffering the loss. Asbestos roof tiles are no longer manufactured; this means that the entire roof must be replaced. Consequently, Tamlin prepared an estimate for the removal of the existing, asbestos roof and the installation of a new, slate roof, as well as replacement fencing; the total estimate was for $62,698.96.

13. On March 9, 2017, Tracy Avery entered into a contract with Tamlin whereby he assigned the proceeds of Claim No. 010740447170; in return, Tamlin promised to use the proceeds from the settlement of that claim with Erie to replace the existing roof on the

Property.  A true and accurate copy of said Service Agreement and Assignment of Insurance Claim is attached hereto as Exhibit "C".

14.    Subsequently, the Averys resubmitted their claim, includingTamlin's estimate for replacing the existing roof on the Property to Erie, along with the report from ITEL showing the presence of asbestos roofing tiles.

15.    On March 29, 2017, Saylor responded to Tamlin's submission, claiming that replacement of the entire roof was excluded under the Avery's Insurance Policy.  A true and accurate copy of the correspondence, dated March 29, 2017, denying said resubmission is attached hereto and incorporated herein as Exhibit "D".

16.    On May 16, 2017, Erie notified the Averys that, effective June 20, 2017, due to "poor conditions/maintenance of property regarding your failure to complete repairs paid for as a result of your 8/27/16 claim."  A true and accurate copy of the correspondence, dated May 16, 2017, denying said resubmission is attached hereto and incorporated herein as Exhibit "E".


**<u>Count One – Breach of Contract</u>**

17.    Plaintiffs restate each and every allegation raised in the General Allegations set forth in Paragraph One through Sixteen (1-16) of the Complaint as if fully rewritten herein.

18.    The actions of Erie set forth above, including its failure to adjust and Claim No. 010740447170 for damage to the roof of the Property under the Insurance Policy, constitutes a breach of said Insurance Policy.

19.    As a direct and proximate result of said breach of the Insurance Policy, the Averys have suffered and continue to suffer damages in an amount to be more fully determined at trial.

## Count Two – Good Faith and Fair Dealing

20.     Plaintiffs restate each and every allegation raised in the General Allegations set forth in Paragraph One through Sixteen (1-16) of the Complaint as if fully rewritten herein.

21.     Erie, as a party to the Insurance Policy, had a duty under Ohio common law to deal fairly and in good faith with the Averys and to undertake all reasonable efforts to protect their interests with respect to claims presented by them pursuant to the Insurance Policy.

22.     Erie has breached that common law duty of good faith and fair dealing with the Averys, *inter alia*, by:

(a)     failing to make any effort to reasonably protect the interests of the Averys;

(b)     acting arbitrarily, capriciously and/or maliciously in refusing to settle the Averys' Claim No. 010740447170 under circumstances that did not furnish a reasonable justification for that refusal; and

(c)     Erie has placed its own interests ahead of the interests of the Averys.

23.     Erie's actions set forth above were undertaken maliciously.

24.     As a direct and proximate result of said breach of good faith and fair dealing, the Averys have suffered and continue to suffer damages in an amount to be more fully determined at trial.

## Count Three – Tort of Bad Faith

25.     Plaintiffs restate each and every allegation raised in the General Allegations set forth in Paragraph One through Sixteen (1-16) of the Complaint as if fully rewritten herein.

26.     The actions of Erie set forth above, including its failure to adjust and settle Claim No. 010740447170 for damage to the roof of the Property under the Insurance Policy was not predicated upon circumstances that furnished reasonable justification for that refusal.

27.     Said actions were undertaken maliciously.

28.     Erie's refusal to settle the Averys' claim without reasonable justification constitutes bad faith on the part of Erie.

29.     As a direct and proximate result of said bad faith, the Averys have suffered and continue to suffer damages in an amount to be more fully determined at trial.

## Request for Relief

*WHEREFOR*E, plaintiffs Tracy Avery, Kelly Avery and Tamlin Exteriors, LLC requests that judgment be entered in their favor and against defendant Erie Insurance Company as follows:

A.     An award of compensatory damages in an amount that will fully compensate plaintiff for her injuries, to be more fully determined at trial;

B.     An award of punitive damages against in the amount of Five Hundred Thousand Dollars ($500,000.00);

C.     An award of reasonable attorney's fees; and

D.     Such other relief as this court may deem just and proper.


/s/  John H. Forg
**John H. Forg  (0041972)**
Law Office of John H. Forg
7019 Miami Avenue
Madeira, Ohio  45243
(513) 271-0413

Attorney for Plaintiffs
Tracey & Kelly Avery and
Tamlin Exteriors, LLC

## **JURY DEMAND**

Plaintiff demands a trial by jury in this matter.

/s/  John H. Forg

**John H. Forg**

Attorney for Plaintiffs
Tracey & Kelly Avery and
Tamlin Exteriors, LLC
